MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile:  (808) 376-8695
Email: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile:  (808) 526-0307
Email: honolululaw808@gmail.com

Attorneys for Plaintiff
Illya Erwin

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ILLYA ERWIN, | CIVIL NO. _____ |
|---|---|
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| HAWAII HEALTH SYSTEMS CORPORATION, HILO MEDICAL CENTER, | |
| Defendants. | |

COMPLAINT

COMES NOW, Plaintiff ILLYA ERWIN, by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## THE PARTIES

1. Plaintiff ILLYA ERWIN (hereinafter "ERWIN") is and was at all times mentioned herein a resident of Kailua, Hawaii.

2. Defendant HAWAII HEALTH SYSTEMS CORPORATION, (hereinafter "HAWAII HEALTH") is and was at all times mentioned herein a corporation created under Hawaii Revised Statutes § 323-F as an agency of the State of Hawaii, which operates the Hilo Medical Center.

## NATURE OF THE CASE

3. Plaintiff ERWIN was offered a full-time position with Defendant on August 23, 2021, as an ICU Registered Nurse at the Hilo Medical Center by its Recruiter.

4. During Plaintiff's interview with Defendant's agents, Plaintiff spoke with multiple individuals of management about his religious exemption for the Covid-19 vaccination, including Defendant's ICU Manager.

5. Plaintiff was assured by Defendant's managers that other employees were not vaccinated, and were subject to weekly Covid-19 tests as a religious accommodation.

2

6. Plaintiff accepted the position as ICU Registered Nurse with Defendant at Hilo Medical Center, subject to the religious accommodation with weekly testing.

7. Plaintiff was not allowed to have the religious accommodation of no vaccination for Covid-19, and the offer was rescinded and Plaintiff was not allowed to start work at Hilo Medical Center.

8. Plaintiff was discriminated against due his religious beliefs, in violation of Title VII of the Civil Rights Act of 1964, as amended.

9. A Charge of Discrimination for religious discrimination was filed with the Equal Employment Opportunity Commission (EEOC) with Charge No. 486-2021-00443.

10. A Determination of Charge was issued on September 28, 2022, notifying Plaintiff that he could file a lawsuit within 90 days based upon the alleged religious discrimination.

## JURISDICTION

11. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

12. Plaintiff filed a Charge of Discrimination based upon religious discrimination which was assigned Charge No. 486-2021-00443.

13. The administrative prerequisites for filing this cause of action have been fulfilled. A Determination of Charge was issued by EEOC on September 28, 2022, which allowed for the filing of this lawsuit.

## STATEMENT OF FACTS

14. Plaintiff ERWIN was offered a full-time position with Defendant on August 23, 2021, as an ICU Registered Nurse at the Hilo Medical Center by its Recruiter.

15. During Plaintiff's interview with Defendant's agents, Plaintiff spoke with multiple individuals of management about his religious exemption for the Covid-19 vaccination, including Defendant's ICU Manager.

16. Plaintiff was assured by Defendant's managers that other employees were not vaccinated, and were subject to weekly Covid-19 tests as a religious accommodation.

17. Plaintiff accepted the position as ICU Registered Nurse with Defendant at Hilo Medical Center, subject to the religious accommodation with weekly testing.

18. Plaintiff was not allowed to have the religious accommodation of no vaccination for Covid-19, and the offer was rescinded and Plaintiff was not allowed to start work at Hilo Medical Center.

19. Plaintiff was discriminated against due his religious beliefs, in violation of Title VII of the Civil Rights Act of 1964, as amended.

## STATEMENT OF CLAIMS

### COUNT I - RELIGIOUS DISCRIMINATION AND RETALIATION

20. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

21. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination, including an unpaid leave of absence, and termination due to religion and based on retaliation for complaining of the discrimination.

22. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendants and employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

23. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

24. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

25. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

26. The actions of Defendants and employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff ERWIN prays that judgment be entered on all Counts:

A. For an offer of employment with Defendants with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, December 27, 2022.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Illya Erwin